Turley, J.
delivered the following opinion of the court.
This is a bill filed by the complainants, a part of tbe distrib-utees and heirs at law'of John Clemmons, deceased, against tbe defendants, for a distribution of certain negroes, belonging to the said John Clemmons at the t-ime of his death, and for an account of hire, &c. The decree sought is resisted on the ground, that the negroes were directed to be freed by the last will and testament of John Clemmons. The fact, that a direction for that purpose is contained in his will, is not contradicted, but it argued that the executor has not taken the proper steps for obtaining a legal sanction on the part of the State to this claim of emancipation; that he may never do so, and that unless it be done, the negroes will continue to be slaves, subject to the law of distribution.
The executor responds, that it is his intention to apply to the County Court of his county, at the earliest practicable period, for such sanction, and that he has not done so heretofore, on account of the tender years of a portion of the negroes, which *369 renders it improper that they should as yet be emancipated. And here the question in controversy rests.
It has been held invariably in this State, that a devise of emancipation to slaves is good, and that the neglect of an executor to obtain the assent of the State thereto, does not vitiate it. In the case of Hicklin vs. Hamilton, 3 Hump. 569, it was held, that to secure the emancipation of a slave under the law of Tennessee, two things were necessary; the consent of the owner expressly, and the assent of the State, given in the manner prescribed by law. Thar if the executor of a will, which gives the consent of the testator to the emancipation of slaves, fail or refuse to apply to the County Court to obtain the assent of the State, a Court of Chancery will, upon well settled principles, compel the executor to execute the trust, and in case of his death, will appoint a trustee to act in his stead. But in the case under consideration, there is no such obstacle in the way, for the executor expressly answers, that it is his wish and design to execute the trust reposed in him by the will as soon as it can be done to the interest and welfare of those interested in it. It does not lie in the power of the complainants to hasten him by an application to a Court of Chancery, unless they come in the guise of friends of the negroes, seeking their emancipation; but they do not this, but as adversaries, ask that they be continued to be considered as slaves, and as such distributed as other personal property of the estate of John Clemmons, deceased. This they clearly have no right to. The negroes directed to be emancipated by the will, form no portion of the estate to be distributed, and of course no account can be had by the complainants of the proceeds of their labor since the death of the testator.
The decree of the Chancellor, dismissing the bill, will be affirmed, with costs.